MACK and another, Appellants, vs. MEISEN, Garnishee, etc., Respondent.

*November 8 — November 22, 1887.*

*Voluntary assignment: Preferences.*

An assignment, after preferring the claim of a clerk for wages, directed the assignee, with the residue of the proceeds of the property, "to pay in full all and singular the debts, demands, and liabilities due or to grow due, enumerated and designated as Class No. 2, and all other indebtedness owing by said party of the first part to any person or persons whomsoever."  In the schedule eight creditors were enumerated in what is designated as Class No. 2. In the list of creditors subsequently filed two creditors, to whom the assignor owed small sums, were added.  *Held*, that the eight creditors enumerated were not preferred over the two afterwards added.

APPEAL from the Circuit Court for *Fond du Lac* County. The plaintiffs brought an action against Anthony Rothgery, and caused *M. J. Meisen* to be summoned as garnishee. They obtained a judgment against the principal defendant. The garnishee answered, denying that he was indebted to the defendant or had any property in his possession or under

his control belonging to said defendant, but alleging that he held property under an assignment made to him for the benefit of the creditors of said defendant. The plaintiffs took issue upon such answer, and a trial resulted in a judgment in favor of the garnishee. The plaintiffs appealed. The facts are stated in the opinion.

For the appellants there was a brief by *Finches, Lynde & Miller*, and oral argument by *Mr. B. K. Miller, Jr.*

*Geo. P. Knowles*, for the respondent.

COLE, C. J. The garnishee held the property of the judgment debtor under an assignment executed July 15, 1886. If the assignment was valid, it is obvious that the proceeding against the garnishee was properly dismissed. But it is claimed that the assignment is void because it gives an illegal preference of one creditor over another. The correctness of this view can only be determined by the language of the assignment itself to which we refer. The assignment is headed, " Voluntary Assignments, with Preferences." It provides that the assignee shall pay the demand of a clerk for two and a half months' wages in the assignor's store at $20 per month. This is the only debt mentioned and provided for in class No. 1, and it is admitted by the learned counsel for the appellant that the law allows such a preference. The statutes expressly prefer such claims. Ch. 349, Laws of 1883, and ch. 48, Laws of 1885. The assignment then directs that after the payment of the debt designated in Schedule C as " Class No. 1," with the residue of the net proceeds of the assigned property, the assignee " shall pay in full all and singular the debts, demands, and liabilities due or to grow due, enumerated and designated as ' Class No. 2,' *and all other indebtedness owing by said party of the first part to any person or persons whomsoever*, if there be sufficient of the net proceeds remaining in the hands " of the assignee for that purpose; and if there be not suf-

ficient, then the assignee was required to "apply the same, as far as they will go for that purpose, to and in payment of the debts, demands, and liabilities enumerated and designated as 'Class No. 2,' ratably and in proportion to the respective amounts thereof." In the schedule referred to in the assignment, eight creditors are enumerated in what is designated as "Class No. 2," whose claims amount to $1,656.36. In the list of creditors, which was verified and filed within ten days after the assignment was made, two creditors were added, whose claims amounted to $94, and whose names did not appear in the schedule filed by the assignor at the time of the assignment in class No. 2. Now it is insisted that in the language above quoted a preference was made in favor of the eight creditors mentioned in the list first filed, over the two creditors named in the subsequent list, and this is the preference relied on to invalidate the assignment.

We think the clause in question makes no such preference among the creditors as counsel claims. True, the assignor, in class No. 2 named eight creditors who were to be paid, but he also included with them all other indebtedness which he owed. Consequently, creditors not mentioned in the list were placed upon the same footing precisely as those named, and were equally entitled to their ratable share of the proceeds of the assigned property. We think this is the real meaning of the clause; certainly we are clear that no preference is made among the creditors except as to the wages of the clerk, where a preference is allowed. But in respect to all other creditors they are embraced in the same class, no discrimination being made between them. Doubtless, in preparing the list of creditors when the assignment was made, the assignor failed, through forgetfulness or mistake, to name all his creditors in it. It is not strange that he failed to remember two creditors whom he owed small amounts. If he had omitted the names of his large cred-

itors, there would be some reason for claiming that the omission was intentional and for some unlawful purpose. But even then, where he provides, as he does here, in the clearest language, that not only those creditors designated in class No. 2, but also all other creditors not enumerated, shall be paid ratably, it is difficult to see how any preference is made of one creditor over another. And this is the effect of the clause as we understand it. We think the mistake which counsel falls into in interpreting the clause is in supposing that two classes of creditors are designated in it; one class, the eight creditors named; the other class, the two creditors not named. But, as we have said, this is not our construction of the assignment, which makes no preference to any one except the clerk; all the other creditors, both those specified and those not named, being embraced in the same class and placed on the same footing. At the close of this clause the assignee is directed to apply the proceeds in payment of the debts " enumerated and designated as 'Class No. 2.'" These, however, are not to be understood as words of limitation upon the previous language used, which, as we have said, included all creditors,— as well those named as those not named. We have no doubt but this is a proper construction of the assignment; consequently there is no ground for saying that an unlawful preference is made in it of one creditor over another.

As the case turns upon the meaning of the language used in the assignment, we do not deem it necessary to comment upon the cases cited which have no particular bearing upon the question before us. We think the judgment of the circuit court is correct, and must be affirmed.

*By the Court.*— Judgment affirmed.